**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

DEC 18 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

VICKY NIKHIL PATHAK,

Petitioner,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No. 22-1893

Agency No.
A046-546-630

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 12, 2023**

Before:    WALLACE, LEE, and BUMATAY, Circuit Judges.

Vicky Nikhil Pathak, a native and citizen of India, petitions pro se for review

of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's ("IJ") decision denying his application for deferral of removal

under the Convention Against Torture ("CAT").  We have jurisdiction under

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

8 U.S.C. § 1252.  We review factual findings for substantial evidence.  *Conde Quevedo v. Barr*, 947 F.3d 1238, 1241 (9th Cir. 2020).  We review questions of law de novo.  *Id*.  We deny the petition for review.

Substantial evidence supports the denial of deferral of removal under CAT because petitioner failed to show it is more likely than not he will be tortured by or with the consent or acquiescence of the government if returned to India.  *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009); *Zheng v. Holder*, 644 F.3d 829, 835-36 (9th Cir. 2011) (possibility of torture too speculative).

The record does not support Pathak's contentions that the IJ violated due process by demonstrating bias, failing to consider all evidence and claims, or otherwise erring in the analysis, or that the BIA applied the wrong standard of review.  *See Padilla-Martinez v. Holder*, 770 F.3d 825, 830 (9th Cir. 2014) ("To prevail on a due-process claim, a petitioner must demonstrate both a violation of rights and prejudice."); *see also Najmabadi v. Holder*, 597 F.3d 983, 990 (9th Cir. 2010) (the BIA adequately considered evidence and sufficiently announced its decision).

Because Pathak timely filed his reply brief, the motion to accept late filing (Docket Entry No. 35) is denied as unnecessary.

**PETITION FOR REVIEW DENIED.**